The opinion of the Court was drawn up by
Kent, J.
The motion for a new trial on the ground of newly discovered evidence must be overruled. We are not satisfied that the proof offered sustains the allegations in the motion. .
The defendants filed in due season a motion to set aside the verdict, on the grounds of excessive damages, and of its being against the weight of the evidence.
The damages are assessed in the verdict at five thousand, five hundred and twenty-five dollars.
The injuries were very serious, although they did not result in any loss of limb. The Court is satisfied on a full consideration of all the facts, bearing on this point of damages, that they are excessive and ought not to stand.
It is unnecessary to state minutely all the reasons which *224 lead to this conclusion. They may be found in the evidence as to the nature, extent and probable duration of the injury, and the large amount of the verdict.
The case is not one in which the Court deem it right or expedient to order a new trial, unless the plaintiff will remit a specified part of the amount of the verdict. The cause must be tried again without any expression of opinion on the part of the Court as to the exact amount of the damages ; if the plaintiff, upon the evidence, shall be found entitled to any on the new trial.
If the Court should entertain any doubt of the propriety of setting aside the verdict on- the ground of excessive damages, the defendants then urge that the verdict is clearly against evidence, on the point of ordinary care. This is undoubtedly an important point in the case. The law is clear and unquestioned, that the plaintiff must satisfy the jury, as an affirmative fact to be established by him as a necessary part of his case, that, at the time of the accident, the party, or, as in this case, the driver was in the exercise of ordinary care.
The evidence on this point is brief in comparison with the great mass of relevant and irrelevant testimony reported. The substance of it is contained in the testimony of the driver, Alphonso Robbins. The accident was caused by one wheel of the chaise passing over a rock on the side of the road, out of the usually travelled path, and causing the chaise to upset. The defect in the road relied upon is only that the space between the rock and a ledge on the other side of the way was too limited ,* that the road was too narrow, particularly as there was an angle or bend in the road at that spot. It is not contended that the travelled way was not sufficiently smooth to be safely passed. The rock over which the wheel passed was on the side of the road; whether placed there, as defendants contend, as a safeguard or railing against the danger of falling over the precipitous bank, or not, does not clearly appear. According to the testimony of Edwin Rose, introduced by plaintiff, the *225 rock is four feet across one way, and about three feet the other way. The top of the rock is about two feet higher than the part of the road where the wheels passed.
■It is nearly perpendicular next to the road for about one foot, then it rounds off towards the top. When approached from the south it does not appear so high, as it does where the ground is worn away around it. It is about 1Í inches higher on that side than the ground or bank on the side of the road. If the top of the rock is two feet from the wheel rut, the bank must rise ten inches from the road. The distance from the rock to the ledge opposite is seven feet. A traveller could not go safely more than 18 inches on to the ledge. This gives eight feet and one half as the width at that point. The "wheels usually passed within about six inches of the rock.
The wheel of the chaise, in which the plaintiff was riding, is found on the top of this rock, or so high up on it, as to cause the chaise to upset. This unexplained would seem to indicate a want of ordinary care, and to call for proof to overcome the prima facie presumption of carelessness in the driver.
It was in the day time, the driver was acquainted with the road, and had passed over it a. few hours before, and ordinary observation must have enabled him to see the portion of the rock and the ledge.
No part of the harness gave way. The horse was, according to the testimony, gentle and manageable, and obedient to the rein. No external cause operated to alarm the horse or driver. The rate at which he was traveling was moderate. Robbins, the driver, says that he " had a rein in each hand, and had them drawn up taut, and that there was no sudden sheering of the horsethat he was "driving along carefully, paying no more attention to the road than he commonly did.”
According to this testimony, if there was any want of care, it was in not observing the rock at all. lie says that he did not see the rock before he struck it, but did observe *226 the ledge on the other side. But was he not bound to exercise that degree of observation that would inform him, if he did not remember from former observations, that the way was here narrow, with a turn in the road, and that it was incumbent on him to guide his horse between the rock and ledge with something more of care than was required in wider places ? The slightest glance at the way, for this purpose, must have revealed this rock as well as the ledge, and if he had a tight rein in each hand, the horse could have been guided at once fz’om the l’ock, if in his course he was tendizig towards it.
The traveller, has duties as well, as the town, and one of the most obvious is to use his eyes to see what is before him on the z*oad or on its sides, which may réquire care izz passing. If a rock, two or three feet in height, had fallen into the rut in which the wheels ordinarily passed, and had remained there after sufficient notice to the town, if a traveller passing after dark should run over it azid be injured, the town might be liable to pay him his damages. But surely it would, to say the least, be prima facie evidence of want of care for such traveller to pass over it, in the day time, when there was sufficient room to pass it ozz either side. The town, in such a case, might well demand evidence of some sufficient excuse for the want of the most moderate degree of commozi care and observation. Is not the case still stronger when the rock is entirely outside of the travelled way, and thez’e is sufficient room to pass without touching it ? When the traveller with his horse azzd carriage is found out of the road, azid driving over rocks or logs there deposited, he is clearly where he ought zzot to be, and unless he can prove izi the first place that the rocks or logs unz’easonably straitened or z'endered the road unsafe, and in the second place, that he was thus outside notwithstanding the exercise of ordinary care and observation, he cazmot recover damages against the town.
There was considerable evidence introduced by the defendants, tending to show that Bobbins, soon after the acci *227 dent, admitted that it was his carelessness that caused the injury. .He says that ho did not say this to these witnesses, but, that he did say, " that he run over the rock and they might call it carelessness or not.” He now says that he thinks he was not careless. We do not regard these statements made to the witnesses, if established by satisfactory proof, as entitled to the same weight as the evidence of facts as they actually occurred. But a party, situated as this witness is, would be slow to admit that his conduct might be called "carelessness” by any one, if he was entirely free from any consciousness of having failed in this particular.
On a careful review of the whole evidence on this point, we are forced to the conviction, that the weight of evidence is clearly against the plaintiff, and, that for this cause, also, a new trial should be granted.
Tenney, C. J., Cutting, Goodenow and Walton, JJ., concurred.